## JOHN A. ANDRUS

### *v.*

## WILLIAM J. CARPENTER.

1. SURETY—*when liable.* A party gave to another this instrument:, "To whom it may concern: The bearer wants a sewing machine. Let him have it, and I will see it paid for, or the machine when called for." The person receiving the instrument presented it to a sewing machine agent, who sold him a machine on time, the price to be paid in installments. The party executing the instrument was notified of the sale the day after it was made. He knew the machine was not paid for, and knew the circumstances called for action against the purchaser, and yet did not notify the vendor to sue, or endeavor to secure himself. He was held liable to the vendor for the price of the machine.

2. SAME—*delay by the creditor.* The mere delay of the vendor to bring suit until the expiration of eleven days after the last installment became due, in the absence of any request by the party giving the instrument to sue, could not operate to release the latter from liability.

APPEAL from the Circuit Court of Lee county; the Hon. WILLIAM W. HEATON, Judge, presiding.

Carpenter brought this suit against Andrus, and a trial resulted in a judgment for the plaintiff, from which the defendant appealed.

Messrs. EDSALL & CRABTREE, for the appellant.

Mr. WILLIAM BARGE, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

The appellant, Andrus, gave to one Baker the following instrument:

"To whom it may concern: The bearer wants a sewing machine. Let him have it and I will see it paid for, or the machine when called for.

J. A. ANDRUS."

Ashton, Aug. 29, 1867.

Baker, on the 30th of August, presented this to the appellee, Carpenter, who thereupon sold Baker a sewing machine, payable, $25.00 on the 15th of September, $19.62 on the 30th of November, and the same amount on the 30th of January. The evidence clearly shows Andrus was informed of the purchase the day after it was made. The information came from Baker, but this was immaterial, if Andrus was fully notified. On the 19th of December, 1867, Andrus wrote Carpenter the following letter:

"ASHTON, DEC. 19, 1867.

AGT. HOWE'S SEWING MACHINES,
Dixon, Ill:
Dear Sir—I will not be responsible for the payment of any moneys from Wm. Baker, of this town, from this date, for

sewing machine; but if you come up you can get the machine, I think. But you need not say anything I say or have written, or show this letter, as he is my neighbor, and I want no hardness.　　　Yours truly,

J. A. ANDRUS."

Andrus and Baker were neighbors in the same town, and Carpenter lived in another town a few miles distant. On the 11th of February, 1868, Carpenter went to Ashton, where Baker and Andrus lived, to collect his debt, but Baker had left and Andrus refused to pay. Carpenter then brought this suit, and recovered judgment, first before a justice, and afterwards in the circuit court.

It is unnecessary to discuss the instructions in this case, as, in our opinion, the judgment was clearly right upon the evidence. Andrus had timely notice of the sale, and his letter of December 19th, written nineteen days after the second payment fell due, shows that he knew the debt was unpaid, and recognized his liability as then existing.

He was cognizant of all the facts necessary to be known in order to protect himself, yet he neither requested Carpenter to bring suit, nor did he do anything to save himself harmless. Under these circumstances there is no ground on which he can escape liability. He had full knowledge of the state of affairs, and can not hold Carpenter responsible for his own neglect to procure security. The mere delay of Carpenter to bring suit until the expiration of eleven days after the maturing of the last note, in the absence of any request by Andrus to sue, can not be held to release Andrus from liability. If he had requested Carpenter to sue, and the latter had failed to do so, and Andrus had been damnified by such failure, a very different question would have been presented.

On the facts disclosed by this record the judgment must be affirmed.

*Judgment affirmed.*